# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**DARRYL ASHCRAFT**                                **CIVIL ACTION NO.:**

**VERSUS**
                                                   **DISTRICT JUDGE:**

**CANTIUM, LLC, ALLIANCE**
**ENERGY SERVICES, LLC, AND**
**ABC INSURANCE COMPANY(S)**                       **MAGISTRATE JUDGE:**

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Cantium LLC (hereinafter referred to as "Cantium"), and removes this civil action from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, with full reservation of all rights, exceptions, objections, and defenses, including, but not limited to, insufficiency of process, insufficiency of service, lack of personal jurisdiction, improper venue, no right of action, lack of standing, prescription, preemption, and no cause of action. This removal is predicated upon this Honorable Court's original jurisdiction over this subject matter pursuant to 28 U.S.C §1331, 1441, 1446, the Outer Continental Shelf Lands Act (hereinafter "the OCSLA"), codified at §43 U.S.C. 1349(b). In support of Removal, Cantium avers as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### 1.

Plaintiff, Darryl Ashcraft (hereinafter "plaintiff"), filed a Petition for Damages (hereinafter "Petition" and/or "state court Petition") naming Cantium, LLC ("Cantium"), Alliance Energy Services, LLC ("Alliance"), and ABC Insurance Company(s) as defendants on or about March 28, 2022, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, bearing

docket no. C-717268, entitled *Darryl Ashcraft v. Cantium, LLC et al.*, seeking damages for personal injuries he allegedly sustained on or about April 24, 2021.[1]

2.

Defendant, Cantium, has not yet answered plaintiff's state court Petition and expressly reserves any and all defenses and exceptions it may have, now or in the future, as to the merits of the claims asserted in the Petition, the lack or insufficiency of service, process, venue, or jurisdiction, and waives none of the aforesaid defenses or exceptions by filing this Notice of Removal.

3.

As required by 28 U.S.C § 1446(a), attached to this Notice of Removal is a copy of the complete state court record, including all process, pleadings, and orders.[2] Cantium will supplement this filing with any additional state court pleadings, including any answer and any return of service of process subsequently received.

4.

Plaintiff's suit arises out of injuries he allegedly sustained while working on the CA-30 platform, an unmanned oil and gas platform that is owned and operated by Cantium and located in the Main Pass Field 41 of the Gulf of Mexico, off the coast of Louisiana (hereinafter sometimes referred to as "the platform").[3] The platform is affixed to the Outer Continental Shelf (hereinafter "the OCS"), on lease No. OCS-G 0347.

---

[1] *See* Petition for Damages, Exhibit "A" at p. 3.
[2] *See* State Court Record, attached *in globo* as Exhibit "A."
[3] *See* Declaration of Craig Dickerson, Exhibit "B"

5.

In his Petition, plaintiff alleges that he was injured on or about April 24, 2021. Plaintiff represents that, at the time of his alleged incident, he was employed by Alliance and "performed all his work with Alliance offshore.[4]" Plaintiff further alleges that he was "transported to the platform on an Alliance lift boat," "lived, ate and slept on the lift boat," and "performed a substantial amount of work from the lift boat."[5] He further represents that he "sailed aboard the Alliance lift boat between multiple platforms as a member of its crew.[6]"

6.

Plaintiff alleges that, during the night shift on or about April 24, 2021, a decision was made by Alliance and/or Cantium to further raise the lift boat upon which he was working to avoid inclement weather. As the lift boat was being raised, a crane sling, which connected the lift boat to the platform, suddenly broke and struck him in the arm.[7] As a result of the incident, plaintiff claims to have sustained severe injuries and damages.[8]

7.

In his state court Petition, plaintiff failed to identify his job position with Alliance, the location where his injury occurred, and/or the job duties he was performing at the time of the alleged incident.

---

[4] *See* Petition for Damages ¶ 9, Exhibit "A"
[5] *Id.*
[6] *Id.*
[7] *See* Petition for Damages ¶ 11, Exhibit "A".
[8] *Id*.

8.

Plaintiff asserts causes of action arising under the Jones Act, 46 U.S.C. §30104 *et. seq*, as well as gross negligence and unseaworthiness and maintenance and cure under the general maritime law.[9] As set forth herein, Plaintiff is not a "seaman" under the Jones Act; he is a longshoreman who was assisting with a plug and abandon ("P&A") job on the platform. Regardless of plaintiff's alleged seaman status, however, his claims against Cantium are removable based upon federal question jurisdiction by operation of the OCSLA, 43 U.S.C. §1349, and/or the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333.

## II.    TIMING OF REMOVAL

9.

Cantium was served with plaintiff's Petition on April 19, 2022, which was Cantium's first notice and receipt of the suit.[10] Therefore, this Notice of Removal has been filed within thirty (30) days of the receipt of the Petition in accordance with 28 U.S.C. §1446(b).

## III.    VENUE

10.

Pursuant to 28 U.S.C. §1441(a), venue is proper in the United States District Court for the Middle District of Louisiana because it is the federal judicial district embracing the place where the action is pending.

## IV.    REMOVAL JURISDICTION

11.

Pursuant to 28 U.S.C. §1441, a defendant has the right to remove a case to federal court when federal jurisdiction exists and when the removal procedure is properly followed. Under 28

---

[9] *See* Petition for Damages ¶ 14-16, Exhibit "A"
[10] *See* Service of Process Citation to Cantium, LLC, Exhibit "A"

U.S.C. § 1441(a), any state court civil action over which the federal court would have original jurisdiction may be removed from state to federal court. Removal of this case is, therefore, proper pursuant to 28 U.S.C. § 1441(a) because plaintiff's claims fall under the OCSLA, 43 U.S.C. § 1331 *et seq.*, which confers original jurisdiction upon this Court.

12.

Further, and in the alternative, removal of this case is permitted as plaintiff improperly pled claims under the Jones Act and general maritime law against Cantium, who is not plaintiff's employer.[11] Section 1441(b) as amended provides for removal of general maritime law claims, with the only limitation being that such removed claims must be ones over which the district court has original jurisdiction, which pursuant to 28 U.S.C. §1333, includes any civil action of admiralty or maritime jurisdiction. Persuasive district court cases have interpreted the statute to allow for removal of General Maritime Law claims, even despite the joinder of a non-removable Jones Act claim.[12]

## V. REMOVAL JURISDICTION PURSUANT TO OCSLA

13.

District courts have original federal question jurisdiction of cases brought under the OCSLA, and hence such cases can be removed to federal court under § 1441.[13] This is true regardless of whether federal, state, or maritime law provides the substantive rule of decision in the case, and regardless of the citizenship of the parties.[14] Even if cases arising under maritime law

---

[11] *See* Petition for Damages ¶ 16, Exhibit "A"
[12] *See Bridges v. Phillips 66 Co., et al.*, 2013 U.S. Dist. LEXIS 164542 (M.D. La. Sept. 27, 2013) (acknowledging that the statutory basis for the Fifth Circuits prior holdings has clearly been changed); *see also Ryan v. Hercules Offshore Inc.*, 2013 U.S. Dist. LEXIS 67547 (S.D. Tex. May 13, 2013); *Wells v. Abe's Boat Rentals Inc.*, 2013 U.S. Dist. LEXIS 85534 (S.D. Tex. June 18, 2013).
[13] *Barker v. Hercules Offshore, Inc.*, 713 F. 3d 208, 220-21 (5th Cir. 2013).
[14] *Id.* at p. 220-22.

are exempted from original jurisdiction, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of the decision."[15] Thus, if the Court has jurisdiction over a case under the OCSLA, removal is unquestionably proper.

14.

Because OCSLA expressly invests jurisdiction in the federal district courts, "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply."[16]

15.

The U.S. Fifth Circuit has consistently interpreted OCSLA's jurisdictional grant broadly, utilizing the "but-for" test in order to determine if a cause of action arises under OCSLA.[17] Specifically, to determine whether a plaintiff's claim arises under the OCSLA, the Fifth Circuit asks whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment.[18] As set forth below, all of the requirements for jurisdiction under the OCSLA are satisfied here.

16.

A plaintiff's tort claim must arise from operations involving the exploration, development, or production of minerals on the OCS for OCSLA jurisdiction to exist.[19] Operations involving the

---

[15] *Id.* at 220.
[16] *See Matte v. Mobil Expl. & Producing N. Am. Inc.*, No. 18-7446, 2018 WL 5023729, at *4 (E.D. La. Oct. 17, 2018) (*citing Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) *see also Roy v. Ardent Companies, Inc.*, 2015 WL 4135781, at *3 (M.D. La. July 8, 2015).
[17] *Lopez v. McDermott, Inc.*, 2018 WL 525851, at 2 (E.D. La. Jan. 24, 2018).
[18] *See Barker*, 713 F.3d at 220-22 (*citing Demette v. Falcon Drilling Co.*, 280 F.3d 492, 496 (5th Cir. 2002); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)); see also *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999).
[19] *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150,154 (U.S. 5 1996).

exploration, development, or production of minerals on the OCS "denote respectively the processes involved in searching for minerals on the OCS; preparing to extract them by, *inter alia*, drilling wells and constructing platforms; and removing the minerals and transferring them to shore."[20] Additionally, the terms "exploration," "development," and "production," are defined broadly "to encompass the full range of oil and gas activity from locating mineral resources through the construction, operation, servicing and maintenance of facilities to produce those resources."[21]

17.

"Development" is defined under OCSLA as "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. § 1331(l). P&A work has been held to involve the drilling and production of oil and gas.[22]

18.

Plaintiff's alleged incident occurred on the platform.[23] The platform is located in Main Pass Field 41 of the Gulf of Mexico and is permanently affixed to the OCS, at least No. OCS-G 0374.[24] Additionally, the lift boat upon which plaintiff was allegedly assigned was temporarily affixed to the OCS at the time of the alleged incident.[25] Thus, the facts underlying plaintiff's Petition

---

[20] *Id.*
[21] *See EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568 (5th Cir. 1994). Although operation is not defined under OCSLA, the Fifth Circuit has defined operation to be the doing of some physical act on the OCS. *Tenn. Gas Pipeline*, 87 F.3d at 154; *Amoco Prod. Co.*, 844 F.2d at 1207.
[22] *See In re Crescent Energy Services LLC for Exoneration from or Limitation of Liability*, 896 F.3d 350 (5th Cir 2018).
[23] *See* Cantium Incident Report, Exhibit "C"; *See also* Declaration of Craig Dickerson, Exhibit "B".
[24] *Id.*
[25] *Id.*

occurred on an OCS situs, thereby satisfying the first prong of the Fifth Circuit's "but-for" test used to determine OCSLA jurisdiction.

19.

At the time of the alleged incident, plaintiff was working as a combo operator.[26] Upon information and belief, plaintiff was not a member of the Alliance lift boat crew and his job duties as a combo operator related solely to the platforms upon which he was assigned to work.[27] While some aspects of plaintiff's job may have required the use of equipment stored on Alliance lift boats, the sole purpose of his employment with Alliance was to perform work on platforms. The P&A job plaintiff was performing at the time of the alleged incident was performed on the platform.[28] Thus, plaintiff's employment with Alliance furthered mineral development on the OCS.

20.

Plaintiff's alleged injury would not have occurred but for Cantium's oil and gas drilling operations on the OCS and the need for his employer's services, which assisted in the exploration and production of oil and gas on the OCS. Indeed, if Plaintiff had not been assigned to this job, then he would never have been on the platform at the time of the alleged incident.[29]

---

[26] *See* Cantium Incident Report, Exhibit "C".
[27] *See* Master Daily Logs for the L/B/ Charleston, Exhibit "D" showing a "Darryl Ashorak," who upon information and belief is Plaintiff "Darryl Ashcraft," listed as a passenger.
[28] *See* Declaration of Craig Dickerson, Exhibit "B".
[29] *See Barker v. Hercules Offshore, Inc*., 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit*."); Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) ("Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction").

21.

OCSLA jurisdiction exists over this case based on the but-for test applied in the Fifth Circuit. This district court has original jurisdiction over plaintiff's claims under OCSLA making removal of his claims against Cantium proper.

## VI.    REMOVAL PURSUANT TO ADMIRALTY JURISDICTION

22.

Subject to and without waiving the foregoing basis for removal, and in the alternative, this Court has original jurisdiction over plaintiff's claims pursuant to admiralty and maritime law.[30]

23.

Plaintiff's state court Petition provides little information relating to the facts of the incident but implies that the alleged tort at issue emanated, in part, from a vessel that was on navigable waters outside of the three-mile limit of the State of Louisiana. Admiralty jurisdiction flows from the Constitution, which extends federal judicial power "to all cases of admiralty and maritime jurisdiction."[31]

## VII.   PLAINTIFF'S JONES ACT CLAIMS AND/OR "SAVING TO SUITORS" DOES NOT PREVENT OCSLA CASES FROM BEING REMOVED

24.

Plaintiff's invocation of the "saving to suitors clause" cannot defeat OCSLA removal. If OCLSA jurisdiction applies, an alternative basis of original subject-matter jurisdiction exists and [a] general maritime claim may be removed notwithstanding the reference to the saving to suitors

---

[30] *See* 28 U.S.C. §1333(1); *accord Wells v. Abe's Boat Rentals, Inc.*, No. H-12- 1112, 2-13 WL 3110322, at *2–4 (S.D. Tex. June 18, 2013); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).
[31] *See Roth v. Kiewit Offshore Servs.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008) (citing U.S. Const., art. III, § 2). Congress gave the district courts original jurisdiction over any civil case of admiralty and maritime jurisdiction. *See* 28 U.S.C. § 1333(1); *see also Ryan*, 945 F. Supp. 2d at 774; *Roth*, 625 F. Supp. at 383; *Abe's Boat*, 2013 WL 3110322, at *2-4.

clause."[32] The "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue non-maritime remedies. It does not, however, guarantee a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.[33]

25.

Regardless of whether plaintiff's legal status is that of a Jones Act seaman, his Jones Act claims against his employer, Alliance, does not preclude removal of his claims against Cantium. Federal law states that upon removal of a claim over which the Court has original jurisdiction, the Court shall sever from the action all nonremovable claims.[34] Generally, Jones Act claims cannot be removed.[35] However, in "hybrid cases" in which a plaintiff asserts nonremovable Jones Act claims along with claims arising under federal law, *i.e.* OCSLA, the case may be removed.[36] Once removed, the Court has the authority to sever and remand any valid nonremovable claim. *Id.*

## VIII. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

26.

Pertinent information regarding the parties in this case, their counsel, and the state court are as follows:

a) Plaintiff, Darryl Ashcraft, is represented by:

Joseph McGowan
Roland Christensen
Arnold & Itkin
6009 Memorial Drive
Houston, TX 77007

---

[32] *Pilette v. United Marine Offshore, LLC*, Civil Action No. 6:17-cv-01672, 2018 WL 221968, at *2 (W.D. La. Apr. 26, 2018).
[33] *See Tenn. Gas Pipeline*, 87 F.3d at 153.
[34] 28 U.S.C. 1441(c)(2)
[35] *Hufnagel v. Omega Serv. Indus. Inc*., 182 F.3d 340, 345 (5th Cir. 1999).
[36] *Hsieh v. Apache Deepwater, LLC*, 2019 WL 9899512, at *4 (M.D. La. Aug. 23, 2019).

Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnoldditkin.com

b) Defendant, Cantium, LLC, is represented by:
Robert R. Johnston
Constance Waguespack
Pusateri, Johnston, Guillot, & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com

c) Defendant, Alliance Energy Services, LLC, has not been served in the State Court lawsuit or made an appearance at the time of this filing. Alliance is represented by:

Stephanie Skinner
Miller Hahn, PLLC
365 Canal Street, Suite 800
New Orleans, Louisiana 70130
sskinner@millerlaw-firm.com

d) This case is being removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, which is located at:

19th Judicial District Court
300 North Boulevard
Baton Rouge, Louisiana 70801

27.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of Cantium certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose

28.

In accordance with the requirement of unanimous consent set forth by 28 U.S.C. § 1446(b), all properly joined defendants will consent, in writing, to this Removal once served.

29.

Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Cantium has filed a copy of the Notice of Removal with the clerk of the 19th Judicial District Court, Parish of East Baton Rouge.[37]

30.

Defendant, Cantium, reserves the right to amend and/or supplement this Notice of Removal.

31.

To the extent the Court determines that the requirements for removal are not sufficiently set forth in the Notice of Removal, Cantium requests that it be permitted to conduct limited jurisdiction discovery for the purposes of establishing OCSLA and/or admiralty jurisdiction as to the claims asserted against it.

**WHEREFORE**, Defendant, Cantium respectfully submits this Notice of Removal to this Honorable Court and hereby removes the instant civil action bearing the caption "*Darryl Ashcraft v. Cantium, LLC et al*.," and bearing docket no. C-717268, to this Honorable Court for further proceedings and disposition. Defendant also respectfully requests any and all further relief to which it may be entitled.

---

[37] *See* Notice of Removal, Exhibit "E"

Respectfully submitted:

*/s/   Constance C. Waguespack*
Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
**ATTORNEYS FOR CANTIUM, LLC**