**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DARRYL ASHCRAFT** | **CIVIL ACTION NO.: 22-00329** |
| **VERSUS** | **DISTRICT JUDGE:**<br>**HON. SHELLY D. DICK** |
| **CANTIUM, LLC, ALLIANCE ENERGY SERVICES, LLC, AND ABC INSURANCE COMPANY(S)** | **MAGISTRATE JUDGE:**<br>**HON. RICHARD L. BOURGEOIS** |

**CANTIUM, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Cantium, LLC ("Cantium"), and respectfully submits this Memorandum in Opposition to Plaintiff, Darryl Ashcraft's Motion to Remand (Rec. Doc 6). Cantium properly removed this matter pursuant to the Court's original subject matter jurisdiction set forth in the Outer Continental Shelf Lands Act, §43 U.S.C. 1349 (hereinafter "OCSLA"). All requirements for OSCLA jurisdiction are met in this case—plaintiff's alleged injury occurred on a platform permanently affixed to the Outer Continent Shelf ("OCS"), his employment with Alliance Energy Services, LLC ("Alliance") furthered mineral development on the OCS, and his alleged injury would not have occurred but-for Cantium's oil and gas operations on the OCS and plaintiff's employment in furtherance of those operations.

Rather than addressing the Fifth Circuit's test for OCSLA jurisdiction, plaintiff argues that removal under OCSLA is improper because his claims are "governed by maritime law" and the parties are not diverse. However, the Fifth Circuit has held that district courts have original federal question jurisdiction over cases under OCSLA, regardless of whether federal, state, or maritime law provides the substantive rule of law, and regardless of the citizenship of the parties. Thus,

Cantium's right to removal under OCSLA is not barred or otherwise limited by plaintiff's allegations of claims arising under maritime law or an alleged lack of diversity.

Plaintiff further argues that remand is proper because his Jones Act claims are nonremovable. It is undisputed that Cantium is not plaintiff's Jones Act employer or the owner/operator of the vessel involved in his alleged incident. Even if plaintiff has asserted a viable Jones Act claim, removal as to his claims against Cantium is proper under OCSLA. Pursuant to 28 U.S.C. 1441(c), plaintiff's non-removable Jones Act claims against Alliance may warrant severance and remand to state court but have no bearing on Cantium's removal and right to defend itself against plaintiff's claims in a federal forum pursuant to OCSLA. Accordingly, plaintiff's Motion to Remand should be denied as a matter of law. [1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 28, 2022, plaintiff filed a Petition for Damages in the 19th Judicial District Court for East Baton Rouge Parish against Cantium, Alliance, and ABC Insurance Company(s) in which he sought damages for injuries he allegedly sustained in an incident that occurred on April 24, 2021. Plaintiff alleges that he was injured when a crane sling running from the Alliance lift boat on which he was allegedly assigned to work suddenly broke and struck him in the arm. Plaintiff's Petition provides few details as to the facts and circumstances of his incident. Namely, plaintiff failed to identify his position with Alliance, the job duties he was performing at the time of the incident, or the location where his incident occurred.

[1] Cantium alternatively pled admiralty jurisdiction as an independent basis for federal jurisdiction in this matter. Plaintiff did not oppose Cantium's removal on this basis, thereby conceding that admiralty jurisdiction provides an alternative basis for removal as to his claims against Cantium.

As set forth in Cantium's Notice of Removal and the uncontroverted Declaration of Cantium representative, Craig Dickerson,[2] plaintiff's incident occurred on the CA-30 platform (hereinafter sometimes referred to as "the platform"). The CA-30 is an unmanned oil and gas production platform that is owned by Cantium and located in the Main Pass Field of the Gulf of Mexico. The platform is permanently affixed to the OCS on lease No. OCS-G 0347. At the time of the incident, plaintiff was working as a combo operator and was performing a plug and abandon ("P&A") job on the platform. A crane sling, which was attached to vessel on one end and to the platform on the other, broke at its connection point on the platform. The crane sling then struck plaintiff, who was standing on the platform.

Plaintiff failed to properly articulate the basis of his claims as to each of the defendants named in his state court Petition. Instead, he collectively asserted causes of action arising under the Jones Act, 46 U.S.C. §30104 *et. seq*, as well as gross negligence and unseaworthiness and maintenance and cure under the general maritime law against both Alliance and Cantium. Plaintiff made no attempt to distinguish his claims of alleged employer negligence against Alliance from those of alleged platform negligence against Cantium.

Cantium timely filed its Notice of Removal on May 19, 2022 removing this matter to the U.S. Eastern District of Louisiana. (Rec. Doc. 1). Cantium also filed its Answer to plaintiff's Petition for Damages on May 24, 2022. (Rec. Doc. 2). Upon information and belief, Alliance has not yet been served with plaintiff's state court lawsuit.

**LAW AND ARGUMENT**

A defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden is on the removing party to

[2] The Declaration of Craig Dickerson is attached to Cantium's Notice of Removal (Rec. Doc. 1) as Exhibit "B."

show "[t]hat federal jurisdiction exists, and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**1. OCSLA Jurisdiction**

Congress enacted the OCSLA to provide a federal body of law to govern operations on the OCS. *Rodrigue v. Aetna Casualty and Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835 at 1837, 23 L.Ed.2d 360 (1969). The Act is exclusively federal law and extends the Constitution and laws and civil and political jurisdiction of the United States "to the subsoil and seabed of the Shelf as well as the artificial islands constructed upon it." 43 U.S.C. § 1333(a)(1). Realizing that federal law may not exist to cover every possible legal dispute that could arise in connection with operations on the OCS, Congress enacted Section 1333(a)(2), which provides that the law of the adjacent state is to be applied as "surrogate federal law" to the extent that it is not inconsistent with federal law. *Stokes v. Petroleum Helicopters*, No. CIV. A. 97-0508, 1997 WL 695557, at *3 (E.D. La. Nov. 5, 1997), *citing Rodrigue v. Aetna Cas. & Sur. Co.,* 395 U.S. at 355; *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 153–54 (5th Cir. 1996).

**2. Removal under OCSLA**

The U.S. Fifth Circuit has consistently interpreted OCSLA's jurisdictional grant broadly, utilizing the "but-for" test in order to determine if a cause of action arises under OCSLA. *Lopez v. McDermott, Inc.*, No. CV 17-8977, 2018 WL 525851, 2 (E.D. La. Jan. 24, 2018). Specifically, to determine whether a plaintiff's claim arises under the OCSLA, the Fifth Circuit asks whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220-22 (*citing Demette v. Falcon Drilling Co.*, 280 F.3d 492, 496 (5th Cir. 2002); *Recar v. CNG Producing Co.*,

853 F.2d 367, 369 (5th Cir. 1988)); see also *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999).

The term "operation," though not expressly defined in the OCSLA, has been explained as "the doing of some physical act on the OCS." *E.P. Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 567 (5th Cir. 1994) (*citing Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202 (5th Cir. 1988)). The terms "exploration," "development," and "production," have been defined broadly "to encompass the full range of oil and gas activity from locating mineral resources through the *construction*, *operation, servicing and maintenance of facilities to produce those resources.*" *Id.* at 568 (emphasis added). Once it has been established that the injury-causing activities constitute an operation on the OCS that involve mineral exploration, development, or production, courts in this Circuit then apply a "but for" test to determine whether the case arises out of, or in connection with the OCS operation. *Tenn. Gas Pipeline*, 87 F.3d at 155. In applying this test, courts examine whether the injury would have occurred but for the OCS operation. *Id.*

**3. The Well Pleaded Complaint Rule does not apply when determining whether OCLSA jurisdiction exists**

Woven throughout plaintiff's Motion to Remand are statements in which plaintiff indirectly argues that Cantium's removal under OCSLA was improper because "there is no indication from Plaintiff's state court petition that OSCLA applies to Plaintiff's claims." (Rec. Doc. 6-1 at p. 6). He notes that "there are no facts alleged in [his] petition—which must be taken in [his] favor on remand—that would establish OCSLA jurisdiction." *Id*. In doing so, plaintiff incorrectly implies that this Court should apply the well-pleaded compliant rule in determining whether OCSLA jurisdiction exists as to his claims against Cantium.

The "well-pleaded" complaint rule, which applies in the context of determining traditional federal question jurisdiction, does not apply to removal under OCSLA. *See Roy v. Ardent*

*Companies, Inc.*, No. CIV.A. 15-00196-BAJ, 2015 WL 4135781 (M.D. La. July 8, 2015). The Fifth Circuit has repeatedly held that a plaintiff does not need to expressly invoke OCSLA for it to apply. *See Amoco,* 844 F.2d at 1205; *Barker*, 713 F.3d at 213. Because OCSLA expressly invests jurisdiction in the federal district courts, "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply." *See Matte v. Mobil Expl. & Producing N. Am. Inc.*, No. CV 18-7446, 2018 WL 5023729, at *4 (E.D. La. Oct. 17, 2018); *Lopez.*, 2018 WL 525851, at *2. Thus, regardless of how plaintiff attempts to characterize the jurisdictional basis of his claim, OCSLA will apply if all prongs of the Fifth Circuit's "but for" test are met.

**4. This matter is removable pursuant to OCSLA**

All elements of the Fifth Circuit's "but-for" test for OCLSA jurisdiction are met in this case. By failing to even address this test in his Motion to Remand, plaintiff concedes that jurisdiction is proper under OCSLA. He does not dispute any of the factual allegations set forth in Cantium's Notice of Removal as it relates to the facts and circumstances of his incident. Specifically, plaintiff concedes that his injury occurred on a platform permanently affixed to the OCS and that the mechanism of his injury (the section of crane sling that broke and struck him in the arm) was physically located on the platform.

Similarly, plaintiff concedes that he was employed by Alliance as a combo operator and that he was performing a P&A job, a job which furthers oil and gas production on the OCS, on the CA-30 platform at the time of the alleged incident. The U.S. Fifth Circuit has held that a person employed to work on an OCS platform that furthers mineral development is engaged in an activity that satisfies the but-for test. *Recar,* 853 F.2d at 369. This is true in cases involving workers who are employed on vessels while performing OCS work. *See Hubbard v. Laborde Marine LLC*, No. CV 13-5956, 2014 WL 12776414, at *2 (E.D. La. June 2, 2014) (remand denied under OCSLA as

to claim by crewman who was injured aboard a vessel servicing a platform on the OCS); *Hsieh v. Apache Deepwater, LLC*, No. CV 19-408-BAJ-JW, 2019 WL 9899512, at *1 (M.D. La. Aug. 23, 2019) (remand denied under OCSLA as to worker who alleged he was exposed to asbestos while working on jack-up rigs and submersible barges on the OCS); *Sam v. Laborde Marine, L.L.C.*, No. CV H-19-4041, 2020 WL 59633, at *1 (S.D. Tex. Jan. 6, 2020) (remand denied as to worker who was injured while onboard a quarters vessel serving a platform on the OCS).

Given the facts of this case, plaintiff does not, and cannot, dispute the fact that his work with Alliance furthered mineral development on the OCS, nor can he dispute the reality that his injury would not have occurred but for his employment with Alliance and Cantium's oil and gas operations on the OCS.

**a. Removal under OCSLA is proper even if plaintiff's claims are governed by maritime law and/or whether the parties are diverse**

Plaintiff's primary argument in favor of remand is that, even if this Court were to find that his claims are subject to OCSLA (which he did not oppose), his claims against Cantium are still non-removable because those claims are governed by maritime law. In support of this argument, plaintiff cites several cases from the 1990s in support of his proposition that the Fifth Circuit has "strongly suggested" that OCSLA jurisdiction "may not" provide removal jurisdiction in general maritime law cases if the parties are not diverse. Plaintiff is incorrect.

The fact that plaintiff's claims may be substantively governed by maritime law does not render them unremovable if another basis for removal exists.[3] Maritime law, when applied under OCSLA, displaces federal law only as to the substantive law of decision and has no effect on the

[3] Cantium denies plaintiff's assertions that his claims against it are governed by general maritime law and submits that his claims sound in platform negligence, which, pursuant to 43 U.S.C. §1333(a), are governed by Louisiana state law. However, the Court need not determine whether maritime law or Louisiana state law applies to plaintiff's claims against Cantium because, under either theory, removal under OCLSA is proper.

removal of an OCSLA action. *See Barker,* 713 F.3d at 218 ("As this circuit has acknowledged, "the decision to apply maritime law ... has nothing to do with whether or not a federal court has jurisdiction." *Dahlen v. Gulf Crews, Inc.,* 281 F.3d 487, 492 (5th Cir.2002). Rather, "[t]he sole question ... is whether OCSLA invests [a court] with original federal jurisdiction ... [and t]he fact that [a] case may be governed by the substantive principles of general maritime law does not dictate remand." *Fallon v. Oxy USA, Inc.,* No. CIV.A.00-2049, 2000 WL 1285397, at *3 (E.D.La. Sept. 12, 2000)).

In *Barker v. Hercules Offshore*, the Fifth Circuit directly addressed the issue of whether a defendant's removal under OCSLA was proper when the plaintiff asserted claims under the "savings to suitors" clause under general maritime law. In holding that the application of maritime law did not displace OSCLA's grant of federal question jurisdiction, the Court emphasized the fact that the "savings to suitors" clause "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." *Barker, 713 F.3d* (*citing Tenn. Gas,* 87 F.3d at 153) (emphasis in original).

The Fifth Circuit went on to explain that its holding in *Barker* was "bolstered by the structure of OCSLA itself…[b]because OCSLA's jurisdictional provisions are independent from the sections outlining the applicable law." *Id*. at 220. "The application of the law selected by the choice-of-law analysis [was not intended to] affect the independent basis for federal jurisdiction conferred by the OCSLA." *Id*. (internal citations omitted). "Instead, choice of law and the evaluation of subject-matter jurisdiction under OCSLA involve two distinct inquiries." *Id.* (internal citations omitted). The Court further noted that "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf. 43

U.S.C. § 1333(a)(1)….[t]hus, even though maritime cases are exempted by statute from original question jurisdiction under § 1441(a), OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Barker,* 713 F.3d at 221 (emphasis in original).

In addition to arguing that his claims cannot be removed because they were asserted under the "savings to suitors" clause, plaintiff argues that his claims against Cantium are nonremovable because the parties are not diverse. Plaintiff is again incorrect in that he fails to recognize that OCSLA is a federal statute that, in and of itself, provides an independent basis for federal question jurisdiction, without regard to the citizenship or residence of the parties. The Fifth Circuit also ruled on this issue in *Barker*, holding that there is no requirement of diversity for removals under OCSLA and as such, OCSLA removals "should not be limited based on the citizenship of a defendant." *Id*. at 222-23. Thus, because plaintiff's claims against Cantium fall within this Court's OCSLA's jurisdiction, Cantium's removal was proper and are not subject to remand despite plaintiff's allegations of general maritime law and/or the fact that complete diversity does not exist.

**5. Plaintiff's alleged seaman status and Jones Act claims do not preclude removal of his claims against Cantium**

The Jones Act, 46 U.S.C. §§ 30104–30105, permits "[a] seaman injured in the course of employment" to sue his employer for negligence. 46 U.S.C. § 30104. The Jones Act is read to incorporate provisions of the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.) that preclude removal of actions filed in state court. 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee applies to an action under this section."); 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad or its receivers or trustees ... may not be removed to any district court of the United States."). Thus,

Jones Act suits generally are not removable. *Holmes v. Atl. Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006).

Nevertheless, under 28 U.S.C. § 1441, "a civil action that includes a claim arising under federal law and 'a claim that has been made nonremovable by statute' may be removed to federal court if the action would have been removable absent the latter claim." *Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F. Supp. 3d 678, 684 (E.D. La. 2014) (*quoting* 28 U.S.C. § 1441(c)(1)). Thus, while a defendant may not remove a *claim* that is statutorily nonremovable, a defendant may remove a hybrid *case* — one that includes a statutorily nonremovable claim and a claim arising under federal law. *Hsieh v. Apache Deepwater, LLC*, 2019 WL 9899512, at *4. Once the hybrid case is removed, the Court "shall" sever and remand the nonremovable claim. 28 U.S.C. § 1441(c)(2). The rationale behind this rule is that plaintiffs should not be able to include in their complaint "parties—or claims—[that] are baseless in law and fact and 'serve only to frustrate federal jurisdiction.'" *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (*quoting Dodd v. Fawcett Publ'ns, Inc.,* 329 F.2d 82, 85 (10th Cir.1964)).

It is undisputed that Cantium was not plaintiff's employer on the day of the incident. Thus, to the extent plaintiff has asserted viable claims for Jones Act negligence, those claims are directed at Alliance, making this a "hybrid case" which includes statutorily nonremovable Jones Act claims along with claims that are removable pursuant to OCSLA. Cantium is entitled to remove this action under OCSLA despite the inclusion of statutorily nonremovable Jones Act claims. If the Court determines that plaintiff's claims against Alliance are subject to remand, it shall sever and remand those claims back to state court, allowing Cantium to pursue its defense of plaintiff's claims in federal court.

**CONCLUSION**

Plaintiff's alleged incident and claims against Cantium fall squarely within this Court's OCSLA jurisdiction. There is no diversity requirement for OCSLA removal, nor is there any limitation for removal of general maritime claims when an independent basis for removal, such as OCSLA. Cantium has met its burden of demonstrating subject matter jurisdiction exists and that its removal was proper. Accordingly, Cantium respectfully submits that Plaintiff's Motion to Remand should be denied to the extent it seeks to remand his claims against Cantium to state court.

Respectfully submitted:

***/s/ Constance C. Waguespack***

Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
**ATTORNEYS FOR CANTIUM, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, either by hand-delivery, email transmission, facsimile transmission, or by placing same in the United States mail, properly addressed and postage prepaid, on this 8th day of July, 2022.

*/s/* ***Constance C. Waguespack***