**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DARRYL ASHCRAFT**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　**NO. 22-329-SDD-RLB**

**CANTIUM, LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 7, 2022.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRYL ASHCRAFT                                                  CIVIL ACTION

VERSUS                                                                    NO. 22-329-SDD-RLB

CANTIUM, LLC, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 7).

**I.   Background**

On or about March 29, 2022, Darryl Ashcroft ("Plaintiff") filed this action in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana, naming as defendants Cantium, LLC ("Cantium") and Alliance Energy Services, LLC ("Alliance") (collectively, "Defendants").[1] (R. Doc. 1-1 at 3-8, "Petition"). Plaintiff alleges that on or about April 24, 2021, he sustained injuries when a crane sling snapped under tension and struck his arm while he was employed on a lift boat owned and operated by Alliance while performing a plug and abandon job on a CA-30 oil production platform owned by Cantium. (Petition ¶¶ 8-11).

In the "Jurisdiction and Venue" section of the Petition, Plaintiff asserts that he is a "seaman" under the Jones Act, 46 U.S.C. § 688, which renders this action non-removable. (Petition ¶ 3). Plaintiff does not, however, identify whether he is alleging a Jones Act claim with respect to all of the named defendants. In the "Claims Against All Defendants" section of the Petition, Plaintiff alleges that his negligence claims are brought under general maritime law. (Petition ¶¶ 13-15).

---

[1] Plaintiff also named as a defendant the fictional entity ABC Insurance Company.

1

On May 19, 2022, Cantium removed the action by filing a Notice of Removal. (R. Doc. 1). Cantium asserts Plaintiff's action arises out of injuries allegedly sustained on Cantium's oil production platform, which is affixed to the Outer Continental Shelf. (R. Doc. 1 at 2-3). Cantium asserts the Court has jurisdiction under the Outer Continental Shelf Land Act ("OCSLA"), 43 U.S.C. § 1349(b), federal question jurisdiction over the action under 28 U.S.C. § 1331, and, alternatively, admiralty jurisdiction pursuant to 28 U.S.C. § 1333. (R. Doc. 1 at 4-9). Cantium expressly asserts that Plaintiff's Jones Act claims do not preclude removal and are otherwise fraudulently pled against it because Cantium is not Plaintiff's employer under the Jones Act. (R. Doc. 1 at 5, 9-10). Similarly, Cantium asserts that the "savings to suitors" clause of the admiralty jurisdiction statute does not preclude removal because there is OCSLA jurisdiction over this action. (R. Doc. 1 at 9-10). Finally, the Notice of Removal provides that Alliance was not served with process prior to removal. (R. Doc. 1 at 11).[2]

On June 17, 2022, Plaintiff filed the instant Motion to Remand, which seeks a finding that removal was improper in whole or in part. (R. Doc. 6).

## II.    Arguments of the Parties

Plaintiff first argues that even if this action is subject to the OCSLA, the action is non-removable because Plaintiff's claims are also governed by general maritime law and are brought against in-state defendants. (R. Doc. 6-1 at 6-7). Plaintiff next argues that the action is not removable in light of the "savings to suitors" clause of the federal admiralty jurisdiction statute and/or in light of the assertion of non-removable Jones Act claims. (R. Doc. 6-1 at 8-11). Finally, Plaintiff argues that to the extent the Court finds OCSLA jurisdiction, the Court must sever and remand the Jones Act claims. (R. Doc. 6-1 at 10-11).

---

[2] Alliance has not made an appearance in this action since removal.

2

In opposition, Cantium argues that Plaintiff's claims arise under OCSLA and, therefore, the Court can exercise subject matter jurisdiction over this action. (R. Doc. 7 at 3-6). Cantium then argues that while general maritime law may supply the "substantive law of decision" for the OCSLA claims, removal under OCSLA is proper notwithstanding the "savings to suitors" clause in the federal admiralty statute. (R. Doc. 7 at 7-9). Finally, in agreement with Plaintiff's alternative argument, Cantium asserts that any finding of non-removability of Jones Act claims should be directed at Plaintiff's employer Alliance, and those claims, which do not preclude removal of the entire action, should be severed and remanded. (R. Doc. 7 at 9-10).

### III. Law and Analysis

#### A. OCSLA Jurisdiction

##### 1. Cantium has established OCSLA Jurisdiction

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal subject matter jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Cantium asserts that this Court can properly exercise OCSLA and federal question jurisdiction over this action. The Court agrees.

The purpose of OCSLA is to allocate to the federal government "jurisdiction, control, and power of disposition" over "the subsoil and seabed of the Outer Continental Shelf."[3] 43 U.S.C. § 1332(1). OCSLA grants federal courts jurisdiction over disputes that occur on the Outer Continental Shelf ("OCS"). *See* 43 U.S.C.A. § 1349(b)(1) ("[T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration,

---

[3] The Outer Continental Shelf is defined to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. §§ 1331(a), 1301(a).

3

development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter."); *see also* 43 U.S.C. § 1333(a)(1) ("The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom."); *Recar v. CNG Producing Co.*, 853 F.2d 367, 370 (5th Cir. 1988) (acknowledging that "OCSLA invests [a] district court with original federal jurisdiction."). The jurisdictional grant in OCSLA is interpreted broadly. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013); *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

The well-pleaded complaint rule does not bar removal when jurisdiction exists under OCSLA, meaning that a "plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker*, 713 F.3d at 213 (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988)). The Fifth Circuit applies a "but for" test for determining whether a cause of action arises under OCSLA, asking whether "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker*, 713 F.3d at 213 (citing *Demette v. Falcon Drilling Co., Inc.*, 280 F.3d 492, 496 (5th Cir. 2002); *Recar*, 853 F.2d at 369)). Jurisdiction exists under OCSLA even if a physical injury occurs off of a platform connected to the OCS, so long as the foregoing "but for" test is satisfied. *See*, *e.g.*, *Recar*, 853 F.2d 367 (OCSLA applies where plaintiff alleged his injury occurred on a ship while transporting crew from a platform on the OCS); *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d

4

338, 340 (5th Cir. 1982) (OCSLA applies where plaintiff alleged his injury occurred on a helicopter while transporting crew from a platform on the OCS).

Having considered the record, the Court concludes that Cantium has satisfied its burden of establishing OCSLA jurisdiction. Plaintiff alleges that he was employed by Alliance, which was "contracted by [Cantium] to perform a plug and abandon job" on an oil production platform owned by Cantium. (Petition ¶ 8). Plaintiff alleges that he was injured when "[a] decision was made to raise the [Alliance] lift boat further from the seas below [and] . . . as the lift boat was raised there was not sufficient slack given to the crane sling. (Petition ¶ 8). Plaintiff further alleges that "[a]s a result, the sling—which was connected to the platform—tightened and eventually broke," causing the sling to strike the Plaintiff's arm and give arise to severe injuries and damages. (Petition ¶ 8). Accordingly, the injury is alleged to have occurred on the proper situs.

Plaintiff admits that "Cantium owned the oil production platform on which the Alliance lift boat was working when the incident occurred." (R. Doc. 6-1 at 5). Cantium submitted a declaration by Craig Dickerson, who, at the time of Plaintiff's incident, was Cantium's representative overseeing the plug and abandon job performed on the CA-30 oil production platform. (R. Doc. 1-1 at 11-12). The affidavit represents that "[t]he CA-30 is an unmanned, fixed platform located in Main Pass Field 41 in the Gulf of Mexico." (R. Doc. 1-1 at 12). Cantium also submits an incident report identifying the relevant OCS lease number for the CA-30 platform. (R. Doc. 1-1 at 13). Plaintiff makes no attempt to controvert this evidence that the CA-30 platform is located on, and attached to, the OCS.

"The only reasonable inference that can be drawn from these uncontested facts is that the case brought by the plaintiff is related to an operation conducted on the OCS which involves the exploration for and development of minerals, and that there would have been no alleged accident

5

causing the plaintiff's injury 'but for' the defendants' conducting an operation on the OCS." *Stevens v. Energy XXI GOM, LLC*, No. 11-154, 2011 WL 2489998 (M.D. La. May 18, 2011) *report and recommendation adopted sub nom. Stevens v. Energy XXI (Bermuda), Ltd*, 2011 WL 2489991 (M.D. La. June 22, 2011); *see also Wells v. Abe's Boat Rentals Inc.*, No. 13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (finding OCSLA jurisdiction where the case involved an operation conducted on the OCS that involved the exploration or production of minerals).

Based on the record, Cantium has met its burden of establishing that the claims brought against it are governed by OCSLA, and that this Court is properly exercising OCSLA jurisdiction. The Court need not determine whether, in the alternative, it can exercise admiralty jurisdiction over the claims brought against Cantium.

### 2. The Forum Defendant Rule

While Plaintiff does not directly challenge the presence of OCSLA jurisdiction, he nevertheless argues that the action is nonremovable (in its entirety) because the claims are governed by general maritime law and Defendants are "from the state of suit." (R. Doc. 6-1 at 7). Plaintiff suggests that, under the Fifth Circuit decision *Hufnagel v. Omega Service Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999), "OCSLA jurisdiction may not provide removal jurisdiction in general maritime cases if one of the defendants is from the state of suit . . . because section 1441(b) restricts removal." (R. Doc. 6-1 at 7). In other words, Plaintiff argues that the forum defendant rule precludes removal.

The resolution of this arguments rests, in part, on the changes made to the federal removal statute over a decade ago. Prior to 2011, the removal statute provided, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

6

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action</u> shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (pre-JCVA version) (emphasis added). In 2011, the removal statute was amended pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011) ("JCVA"). The removal statute now provides the following:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable <u>solely on the basis of the jurisdiction under section 1332(a) of this title</u> may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (current version) (emphasis added).

The *Hufnagel* decision, which was issued in 1991, addressed the language of the pre-JCVA version of the removal statute. In *Hufnagel*, the Fifth Circuit noted the "'conundrum' that that section 1441(b) places citizenship restrictions on the removal of claims, even though citizenship is arguably irrelevant to the district court's original jurisdiction under the OCSLA." *Hufnagel*, 182 F.3d at 350 (citing *Tenn. Gas Pipeline*, 87 F.3d at 154-55). The Fifth Circuit resolved this issue in 2013, where it recognized that "when maritime law applies under OCSLA, it displaces federal law only as to the substantive law of decision and has no effect on the

7

removal of an OCSLA action." *Barker*, 713 F.3d at 220. The Fifth Circuit ultimately held that OCSLA jurisdiction fell under the first sentence of the pre-JCVA version of Section 1441(b), which did not impose the forum defendant rule on actions removed on federal question jurisdiction, given that OCSLA "statutorily restores federal question jurisdiction" even where the claims apply general maritime law as the substantive law of decision. *Id*. at 220-223.

In relying on *Hufnagel*, Plaintiff fails to address how that decision relied on the pre-JCVA version of Section 1441(b) and how *Barker* subsequently concluded that OCSLA jurisdiction fell under the first sentence of the pre-JCVA version of Section 1441(b). At any rate, the current version of Section 1441(b) clarifies that the forum defendant rule only applies in removals based on diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(b)(2); *see also Barker,* 713 F.3d at 222 (observing that the current version of the removal statute makes it "clear that the citizenship requirement in § 1441(b) only applies when a case is removed on the basis of diversity jurisdiction"). Accordingly, even if general maritime law applies to the substantive law of decision in the OCSLA claim, the federal removal statute does not preclude removal based on the forum defendant rule.

### 3. The "Savings to Suitors" Clause

Plaintiff alternatively argues that his claims under the Jones Act and general maritime law should be severed and remanded. (R. Doc. 6-1 at 8-11). The Court will address the severance and remand of Plaintiff's Jones Act claims below. Because it appears that Plaintiff may also be arguing that the presence of general maritime claims precludes removal in its entirety, the Court will briefly address that issue first.

There has been significant confusion in this Circuit regarding whether the JCVA had any effect on the removability of general maritime claims. Under the pre-JCVA version of the removal statute, the Fifth Circuit recognized that "[e]ven though federal courts have original

8

jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)). "Instead, such lawsuits are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims . . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Barker*, 713 F.3d at 219 (citing *Romero*, 358 U.S. at 277-79; *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)).

The Fifth Circuit has acknowledged, without ruling on the issue, that "[t]here is disagreement among district courts in this circuit . . . regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b)." *Riverside Const. Co., Inc. v. Entergy Mississippi, Inc.*, 15-60252, 626 Fed. App'x 443, 447, 2015 WL 5451433, at *3 (5th Cir. Sept. 17, 2015) (unpublished). This disagreement stemmed from the decision in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013), which concluded that the JCVA changes to the second sentence of 28 U.S.C. § 1441(b) . . . removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit. More recent decisions, including those in this district, have rendered the *Ryan* decision to be in the minority. *See Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 807 (M.D. La. 2015) ("[A] growing chorus of district courts that have concluded that the JCVA did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty.") *Id.* (quoting *Serigny v. Chevron U.S.A., Inc.*, No. 14-0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014)). The Fifth Circuit has more recently noted, while again not ruling on

9

the issue, that the "vast majority of district courts considering the question have maintained that such lawsuits are not removable." *Sangha v. Navig8 Ship Management PTE LTD*, 882 F.3d 96 (5th Cir. 2018) (citing *Langlois*, 139 F. Supp. 3d at 809-10) (collecting cases).

Plaintiff appears to be arguing that if the Court does not find OCSLA jurisdiction, then this action should be non-removable in light of the "savings to suitors" clause because there is no independent basis for jurisdiction. Because the Court has already concluded that this action was properly removed based on OCLSA jurisdiction, this argument is inapplicable. To be clear, the "savings to suitors" clause "does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies*. It does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court whether there exists some basis for federal jurisdiction other than admiralty." *Barker*, 713 F.3d at 220 (citing *Tenn. Gas Pipeline*, 87 F.3d at 153) (emphasis in original). "[B]ecause the court has federal question jurisdiction pursuant to OCSLA, it need not determine whether it has jurisdiction under the admiralty jurisdiction statute." *Perise v. Eni Petroleum, U.S. L.L.C.*, No. 14-99, 2014 WL 4929239, at *6 (M.D. La. Oct. 1, 2014); *see also Pilette v. United Marine Offshore, LLC*, No. 17-01672, 2018 WL 2212968, at *2 (W.D. La. Apr. 26, 2018) ("[N]otwithstanding the fact that the plaintiff only seeks relief for his claims under the general maritime law, if OCSLA jurisdiction applies, an alternative basis of original subject matter jurisdiction exists and this general maritime claim may be removed notwithstanding the reference to the savings to suitors clause."), *report and recommendation adopted*, 2018 WL 2212921 (W.D. La. May 14, 2018)

### B. Jones Act Claims

The Jones Act, 46 U.S.C. § 30104, provides a cause of action in negligence for a seaman who is injured in the course of his employment. *See Pate v. Standard Dredging Corp.*, 193 F.2d 498, 501 (5th Cir. 1952) (The Jones Act "modified the prior maritime law of the United States by

giving to seamen injured through negligence a right of action in personam against the employer."). The Act incorporates the federal laws regulating recovery for personal injury to railway employees—the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. *See* 46 U.S.C. § 30104. Therefore, Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a). *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (28 U.S.C. § 1445(a) prevents removal of claims under Jones Act even in the presence of diversity jurisdiction); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court" because the Jones Act "incorporates the general provisions of [FELA], including 28 U.S.C. § 1445(a).").

In his Petition, Plaintiff appears to generally allege a Jones Act claim by stating that he is a "seaman" and that "it is well settled that this Jones Act case is not removable." (Petition ¶¶ 3-4). Plaintiff does not specify in the Petition to which defendant the Jones Act claim is directed. Plaintiff does, however, assert that he was employed by Alliance, which was contracted by Cantium to perform the plug and abandon job. (Petition ¶¶ 8-9)).

Cantium asserts that any Jones Act claim against Cantium is fraudulently joined because it was not Plaintiff's employer. To be clear, the Court may exercise jurisdiction over a Jones Act claim that is "fraudulently pleaded to prevent removal." *Lackey*, 990 F.2d at 207; *see Hufnagel*, 182 F.3d at 346 (affirming denial of motion to remand on basis that fraudulently pled Jones Act claim did not preclude removal and the Court had federal question jurisdiction in light of an OCSLA claim). Given there is no dispute that Cantium was not Plaintiff's employer, any Jones Act claim raised against Cantium was improperly joined to this action and cannot defeat removal. Regardless, Plaintiff's motion and briefing suggest that Plaintiff did not intend to raise such a claim against Cantium in the first place.

11

It appears that any Jones Act claim asserted in the Petition was directed at Alliance. The removal statute allows for removal of an "entire action" where it includes "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331], and (B) a claim not within the original or Supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c)(1). Upon removal of such an action, the district court "shall" sever and remand the claims in the latter category back to the State court from which the action was removed. 28 U.S.C. § 1441(c)(2). Courts have held that an action involving OCSLA claims and Jones Act claims is such a "hybrid" case that requires severance and remand of the Jones Act claims. *See*, *e.g.*, *Hsieh v. Apache Deepwater, LLC*, No. 19-408, 2019 WL 9899512, at *4 (M.D. La. Aug. 23, 2019) (where the defendant met its burden of showing federal jurisdiction under OCSLA, and that removal was proper in a "hybrid" case involving OCSLA claims and Jones Act claims, the Court was required to sever and remand the Jones Act claims to State court under 28 U.S.C. § 1441(c)(2)).

Based on the allegations in the Petition, this is a "hybrid" case involving both OCSLA claims and Jones Act claims. Accordingly, the Court must sever and remand the non-removable Jones Act claims brought against Alliance. *See* 28 U.S.C. § 1441(c). In reaching this conclusion, the Court notes that Cantium has asserted that Plaintiff is not a "seaman" under the Jones Act. (R. Doc. 1 at 4). The Court need not resolve the issue of whether Plaintiff is, in fact, a "seaman" for the purposes of raising a Jones Act claim against his employer. To the extent Alliance concludes that any Jones Act claims against it were fraudulently pled – and can assert an independent basis for an exercise of subject matter jurisdiction over any general maritime claims – it may independently seek removal of the remanded claims.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's Jones Act and general maritime claims brought against Alliance Energy Services, LLC be **SEVERED** from this action and **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on September 7, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**